IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01664-RBJ-MJW

EUGENE WIDEMAN JR.,

Plaintiff,

v.

STATE OF COLORADO,

Defendant.

---

**RECOMMENDATION ON
STATE OF COLORADO'S MOTION TO DISMISS (Docket No. 10)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to Order of Reference to United States

Magistrate Judge issued by Judge R. Brooke Jackson on August 6, 2015 (Docket No.

4).

In this action brought pursuant to 42 U.S.C. § 1983, the pro se plaintiff, Eugene

Wideman, Jr., seeks $38 million from the State of Colorado for its "Practice of

Maintaining and Protecting Institutionalized Racism" which plaintiff claims violated his

rights under the First, Fourth, and Fourteenth Amendments from 1993 to the present.

(Docket No. 1 at 2, 9).  It appears most of his claim is based upon custody proceedings

between plaintiff and Amelia Garcia regarding their daughter Camara which started

seventeen years ago.  Plaintiff alleges that his civil rights complaint against the Judge

and Guardian Ad Litem was never investigated "[d]ue to the State's practice of

2

maintaining and protecting Institutionalized Racism." (Docket No. 2).  Plaintiff states

that his custody case was in court for nine years.  (Docket No. 1 at 4).  He further

asserts that "almost simultaneously" he was denied medical care by seven different

white doctors.  (Docket No. 1 at 4).  Plaintiff also mentions being "swindled out of

money" by a heating and air conditioning company last summer and  being pulled over

by four police cars based on a white driver's report. (Docket No. 1 at 8).

Now before the court for a report and recommendation is the State of Colorado's

Motion to Dismiss (Docket No. 10).  Plaintiff filed a response (Docket No. 18), which

defendant correctly notes in its Reply (Docket No. 20) is not responsive to the

defendant's motion.  The court has carefully reviewed all of  the motion papers and

applicable case law, statutes, and Federal Rules of Civil Procedure.  In addition, the

court considered the court's file and has taken judicial notice of the plaintiff's previous

actions in this court and in state court.  The court now being fully informed makes the

following findings, conclusions of law, and recommendation that the motion to dismiss

be granted.

Defendant State of Colorado seeks dismissal of the Complaint pursuant to Fed.

R. Civ. P. 12(b)(1) and (6).  Rule 12(b)(1):

> empowers a court to dismiss a Complaint for "lack of jurisdiction over the
> subject matter."  Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction,
> federal courts may only adjudicate cases that the Constitution and
> Congress have granted them authority to hear.  *See* U.S. CONST. art. III,
> § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes
> conferring jurisdiction on federal courts are to be strictly construed.  *See F
> & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  A Rule
> 12(b)(1) motion to dismiss "must be determined from the allegations of
> fact in the complaint, without regard to mere conclusory allegations of
> jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).
> The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.  *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *See id.* at 1003.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .

4

Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations omitted). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a

complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look

only to whether the remaining, factual allegations plausibly suggest the defendant is

liable."  Id. at 1191.

Since the plaintiff is not an attorney, his pleading and other papers have been

construed liberally and held to a less stringent standard than formal pleadings drafted

by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  Therefore, "if the court can reasonably read the

pleadings to state a claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .

At the same time, . . . it is [not] the proper function of the district court to assume the

role of advocate for the pro se litigant."  Id.

In its motion, the State correctly notes that this is just one of many cases plaintiff

has filed against the State and/or other defendants both in this court and in state court

arising from state court proceedings that established him as the father of his now

nineteen year old daughter and provided for her parenting and support.  See, e.g.,

Wideman v. State of Colorado, 09-cv-00095-CMA-KMT, Docket No. 34,

Recommendation issued by Magistrate Judge Tafoya (D. Colo. Sept. 10, 2009),

adopted by Judge Arguello - Docket No. 37 (D. Colo. Feb. 24, 2010), detailing plaintiff's

previous cases here and in state court.

In this case, the State seeks dismissal on the following grounds: (1) the Eleventh

Amendment deprives this court of subject matter jurisdiction; (2) the State of Colorado is

6

not a "person" against whom a § 1983 action can be brought; and (3) plaintiff's action is

barred by the statute of limitations.

Plaintiff's response to the motion to dismiss does not address the merits of any of

these alleged bases for dismissal.  Instead, plaintiff provides yet another long, rambling

narrative of how he perceives himself to be the victim of "Institutionalized Racism" by

the State, including as a result his state court custody case; when he stopped by four

Pueblo police cars in 1994; when he went into a liquor store in 1995; when he was

stopped by Pueblo police in 1996; when he was allegedly falsely accused of assault by

his child's mother in March 2000; the medical treatment he received from 2002-2006 for

an injury he suffered at work in April 2002; an incident at his daughter's school in

October 2006; medical treatment he received from various doctors in April 2008, August

or September 2010, December 2013, and March 2014; an incident with a store clerk

and a customer at a Pueblo hardware store in the summer of 2009; a dispute he had

with a man who constructed a fence at plaintiff's home in the summer of 2010; the

allegedly inferior work done by a heating and air conditioning company at his house in

June 2014; and finally dental work he had done in April, June, and September 2015.

Plaintiff also claims that this law suit is for two men stopped earlier this year in Colorado

Springs and for a woman who was burning a Confederate flag in Colorado Springs in

August 2015.  Plaintiff asserts that his Response conveys that "Institutional Racism

deprives [him] of [his] right to Dignity and [his] right to Thrive" . . . "and the violation of

[his] Constitutional Rights by the State of Colorado."  (Docket No. 18 at 15).

The Eleventh Amendment bars suits against a state or its agencies, regardless of

the relief sought, absent the state's affirmative waiver of its immunity or congressional

abrogation of that immunity.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89,

98-99 (1984).  Here, the State of Colorado has not waived its Eleventh Amendment

immunity, <u>see</u> <u>Griess v. Colorado</u>, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and

Congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity,

<u>see</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 340-45 (1979).  This court finds that the plaintiff's

claims against the State of Colorado are barred by the Eleventh Amendment.

Furthermore, the State of Colorado correctly asserts that it is not a "person"

against whom a § 1983 action can be brought.  <u>Hafer v. Melo</u>, 502 U.S. 21, 26 (1991).

Alternatively, the State of Colorado is correct that the plaintiff's action is barred

by the statute of limitations.  Plaintiff does not dispute that his § 1983 claim is governed

by the two-year statute of limitations contained in § 13-80-102, C.R.S.  <u>See</u> <u>Workman v.</u>

<u>Jordan</u>, 32 F.3d 475, 482 (10th Cir. 1994); <u>Merrigan v. Affiliated Bankshares of Colo.,</u>

<u>Inc.</u>, 775 F. Supp. 1408, 1411-12 (D. Colo. 1991).  Federal law, rather than state law,

determines when a federal claim accrues.  The statute of limitations begins to run when

the plaintiff knows or has reason to know of the existence and cause of injury which is

the basis of his action.  <u>Industrial Constructors Corp. v. United States Bur. of</u>

<u>Reclamation</u>, 15 F.3d 963, 969 (10th Cir. 1994).  Dismissal under Fed. R. Civ. P.

12(b)(6) is proper when the Complaint indicates on its face that the statute of limitations

has expired.  <u>See</u> <u>Aldrich v. McCulloch Props. Inc.</u>, 627 F.2d 1036, 1041 n.4 (10th Cir.

1980).  Here, plaintiff commenced this action on August 4, 2015.  (Docket No. 1).

Although plaintiff alleges that the State of Colorado violated his Constitutional rights

"from 1993 to the current day" (Docket No. 1 at 2, § 4), on its face, the Complaint shows

that plaintiff would have known or had reason to have known of most of the events

alleged in the Complaint more than two years before he commenced this action. According to the Complaint, the child custody issues began in 1996 and allegedly lasted nine years, which is well more than two years ago.

There are a few more recent incidents alleged in the Complaint concerning his treatment by a heating and air conditioning company and inadequate medical care, but plaintiff alleges no State involvement in the company's work or with any of the medical treatment provided by private physicians.  The most recent incident mentioned in the Complaint is the plaintiff's daughter parking in plaintiff's driveway on July 17, 2015, on her nineteenth birthday, but yet again, plaintiff does not allege State involvement in this incident.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the State of Colorado's Motion to Dismiss (Docket No. 10) be **GRANTED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

9

**Makin v. Colorado Dep't of Corrections,** 183 F.3d 1205, 1210 (10th Cir. 1999);

**Talley v. Hesse,** 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated: October 28, 2015                    s/ Michael J. Watanabe
        Denver, Colorado                    Michael J. Watanabe
                                        United States Magistrate Judge