IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-01664-RBJ-MJW

EUGENE WIDEMAN, JR.,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

## ORDER

    This case is before the Court on defendant State of Colorado's motion to dismiss, the recommendation of United States Magistrate Judge Michael J. Watanabe that the motion be granted, and plaintiff Eugene Wideman, Jr.'s objection to that recommendation. Because the plaintiff represents himself in this case, I interpret his pleadings liberally. Nevertheless, the motion to dismiss is granted.

## BACKGROUND

    Mr. Wideman is an angry man. He alleges that, beginning in 1998, when his daughter was an infant, persons associated with the State of Colorado colluded with the child's mother to turn the child against him. This eventually included manipulating the child into giving false accounts of physical abuse, mental abuse and domestic violence. Mr. Wideman is angry about the actions of various therapists who became involved in parenting time issues. He is angry about the treatment he received from a judge and a guardian ad litem. He claims that when he filed a civil rights claim against the judge and the guardian ad litem, the agency refused to

investigate it, and that he suffered retaliation for having filed the claim.  Mr. Wideman is an African-American man, and that all of these things resulted from racial bias.

During a nine-year custody battle he was represented by eight Caucasian or Hispanic attorneys, and he alleges that none of them provided competent counsel.  He describes being poorly treated by a prosecuting attorney, the judge and even his own attorney when he was falsely accused of assaulting the mother of his child.  Although he refers to the child as his daughter, he complains that his name was illegally placed on his daughter's birth certificate. Similarly, Mr. Wideman believes that he was denied medical care by seven different Caucasian doctors.  Again, he attributes all this treatment to racism.

I might not have captured his complaints entirely correctly, but I believe that I have the gist of it.  Based on the allegations as stated in his Complaint, ECF No. 1, Mr. Wideman alleges that the State of Colorado has a practice of maintaining and protecting institutionalized racism, contrary to the First, Fourth and Fourteenth Amendments to the United States Constitution, and he asks this Court to award $38 million against the State in damages.

The defendant, through the Office of the Colorado Attorney General, moves to dismiss the case.  ECF No. 10.  Defendant makes three arguments: (1) that the Eleventh Amendment makes state immune from suits by a private citizen in a federal court absent exceptions that do not apply; (2) that 42 U.S.C. § 1983 does not provide a basis to sue a state or state agency; and (3) that even if § 1983 did apply, Mr. Wideman's claims would be barred by the statute of limitations.

Mr. Wideman filed a response to the motion.  ECF No. 18.  The State responded that Mr. Wideman had not addressed the three issues raised in the motion to dismiss.  ECF No. 20.  Judge Watanabe agreed that the response was not responsive.  ECF No. 21 at 2.  Nevertheless, he

reviewed the file and discussed the allegations and applicable law in detail in a nine-page written order.

Judge Watanabe agreed the Eleventh Amendment bars plaintiff's claims. *Id.* at 6-7. He agreed that the action could not be brought under 42 U.S.C. § 1983. *Id.* at 7. And, he agreed that Mr. Wideman's claims against the State are barred by the statute of limitations. *Id.* at 7-8.[1] Accordingly, he recommended that this Court grant the motion to dismiss. *Id.* at 8. Mr. Wideman filed a "response" to the recommendation. ECF No. 22.[2]

## ANALYSIS

This Court must conduct a de novo review of any part of Judge Watanabe's recommendation to which Mr. Wideman has properly objected. Fed. R. Civ. P. 72(b)(3). Mr. Wideman's objection did not address the statute of limitations issue, and at least as to that issue, a de novo review is not required. The statute of limitations can be addressed on a motion to dismiss if it is clear on the face of the complaint that the applicable limitations period has expired. *See, e.g., Aldrich v. McCulloch Properties,* 627 F.2d 1036, 1041 (10th Cir. 1980). For purposes of the statute of limitations issue, Judge Watanabe implicitly assumed to Mr. Wideman's benefit that he could bring his discrimination claims in federal court pursuant to 42 U.S.C. § 1983. However, he found that the Complaint on its face indicates that the two-year statute of limitations applicable to § 1983 claims in Colorado, C.R.S. § 13-80-102, has expired. ECF No. 21 at 7. I do not find his analysis to be clearly erroneous or contrary to law. On the contrary, I agree with it. The statute of limitations bars this suit. No more need be said.

---

[1] The magistrate judge indicated that while the Complaint referred to a few acts that might have occurred within the limitations period, there was no allegation of state involvement in those acts. *Id.* at 8.

[2] Mr. Wideman appears to believe that his response was untimely, but with the three extra days added due to electronic service, *see* Fed. R. Civ. P. 6(d), I find that it was timely.

I nevertheless did conduct a de novo review of the other issues raised in the motion to dismiss, including reading every pleading in the file. Mr. Wideman has twice (in his response to the motion and in his objection to the magistrate judge's recommendation) made an attempt to respond to the Eleventh Amendment issue, and I wanted him to know that I have considered his argument. Specifically, he argues that 42 U.S.C. § 2000d-7 abrogates Eleventh Amendment immunity for states that receive federal funds. ECF No. ECF No. 18 at 3; ECF No. 22 at 3. The statute provides,

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U. S.C. § 794], title IX of the Education Amendments of 1972 [20 U.S.C. §§ 1861 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. §§ 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal assistance.

42 U.S.C. § 2000d-7.

Liberally interpreted, the Complaint alleges that at some unspecified time in the past an agency of the State of Colorado refused, because of institutionalized racism, to investigate a retaliation claim he filed against a "White Judge and Guardian," in violation of his rights under the Civil Rights Act of 1964. ECF No. 1 at 4. He alleges that in 1996 his name was put on his child's birth certificate without an advisement of his rights as required by the Social Security Act, 42 U.S.C. § 666(5)(c) and in violation of his rights under the Civil Rights Act. *Id.* at 6. And, he alludes to a claim under "The Federal Child Welfare Act, although it is not clear to which statute he is referring to. *Id.* at 2.

But even assuming, without deciding, that Eleventh Amendment immunity has been abrogated as to any of these claims, the more fundamental problem here is that vague claims of institutional racism are insufficient to state a plausible claim of a constitutional violation. A

4

complaint must plead facts that plausibly "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). The allegation that the State of Colorado maintains and protects institutionalized racism reflects Mr. Wideman's opinion, but it is not an allegation of fact. The instances of alleged racism described in the Complaint are not specific as to which state actor committed which specific act, nor does it give the Court any ability to draw a reasonable inference that racial bias was a motive for any such acts.

Respectfully, the Complaint comes across as the venting of a man who has a chip on his shoulder and attributes his lot in life to racial discrimination. Unfortunately, racial discrimination does exist in our society. However, to maintain a discrimination suit one must allege facts that, if true, plausibly show that an unlawful act of discrimination occurred, when it occurred, who perpetrated the act, that the defendant is responsible, and that the act caused an injury to the victim. This Complaint fails that test.

## ORDER

1. The recommendation, ECF No. 21, is ACCEPTED AND ADOPTED.

2. The motion to dismiss, ECF No. 10, is GRANTED. This civil action is dismissed with prejudice. As the prevailing party, the defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 2nd day of May, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge